MR. CHIEF JUSTICE TURNAGE,
dissenting:
I would reverse the District Court and hold that on November 8, 1981, the date of Robert Palmer’s demise, his interest in the checking account, cattle and cattle brands passed to his brother, William Palmer, by right of survivorship.
The majority opinion states that Section 35-10-203, MCA, contains a critical definition of partnership property:
“Partnership property. (1) All property originally brought into the partnership stock or subsequently acquired by purchase or otherwise on account of the partnership is partnership property.
“(2) Unless the contrary intention appears, property acquired with partnership funds is partnership property.” (Emphasis supplied.)
The provision set forth in subparagraph (2), under the facts of this case, is not only critical but controls. The joint tenancy with right of survivorship checking account between Robert and William was es *300 tablished in 1947 and the two livestock brands were registered in the names of William or Robert as joint tenants with right of survivor-ship in 1971.
There could be no clearer evidence that Robert and William intended to pass this property by right of survivorship. The provision of Section 35-10-203(2), MCA, has clearly been satisfied and their contrary intention has been established. If the partners had intended to hold this property other than as joint tenants with right of survivorship they could have accomplished this by the simple act of closing the bank account and reestablishing the account as one held by them as tenants in common; likewise, the livestock brands certificates could have been reissued designating them as tenants in common.
In Montana holding title to property in joint tenancy with right of survivorship is not only common throughout the State but is also a very important and convenient manner in which owners of property may hold title thereto, and it provides a convenient method that offers certainty as to who will succeed to the property upon demise of a joint tenant as well as providing a less expensive means of transferring the decedent’s property without expense of probate. Most certainly, many owners of partnership ranch, farm and small business in Montana have utilized the joint tenancy with right of survivorship method of holding property.
The majority opinion will invite uncertainty and doubt as to the right of ownership to this property upon the demise of one of the joint tenant with right of survivorship owners, which in turn will invite litigation that most certainly will follow.
This case should be reversed and remanded with directions to enter an order determining that the checking account, livestock and livestock brands passed by right of survivorship to William Palmer.